SOUTHERN PLOW CO. v. BENTON MFG. CO.

(Circuit Court of Appeals, Fifth Circuit. October 12, 1916.)

No. 2725.

PATENTS ☞328—VALIDITY—EVIDENCE.

 The Rosenbaum patent, No. 807,967, and the Haiman patent, No. 815,698, for cultivators or harrows, *held* invalid in view of the prior art, not showing invention, but mere mechanical skill.

 Walker, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Southern District of Georgia; Emory Speer, Judge.

Suit by the Southern Plow Company against the Benton Manufacturing Company. From a judgment for defendant, complainant appeals. Affirmed.

John M. Coit, of Washington, D. C., for appellant.

J. E. Hall and Alexander Akerman, both of Macon, Ga., for appellee.

Before PARDEE and WALKER, Circuit Judges, and FOSTER, District Judge.

FOSTER, District Judge. In this case the Southern Plow Company, as owner of letters patent of the United States, Nos. 807,967, granted December 19, 1905, and 815,698, granted March 20, 1906, by virtue of transfer and assignment from the original patentees, Eugene Rosenbaum and Elias Haiman, respectively, brought its bill against the Benton Manufacturing Company, alleging infringement, and praying for an injunction and an accounting. The defendant answered, denying that Rosenbaum and Haiman were the original inventors of the devices patented to them, and setting up numerous instances of prior use and publication. On these issues the matter was referred to a master, who reported in favor of defendant. Exceptions to his report were overruled, and a decree entered by the District Court dismissing the bill. From that decree this appeal is prosecuted.

The patents in suit are for a cultivator or harrow, designed to be drawn by a horse and guided from the ground the same as an ordinary plow. Claim No. 1 of the Rosenbaum patent is as follows:

"A beam, pairs of parallel bars connected pivotally with and extending in opposite directions from the beam, earth-engaging members pivotally connecting the parallel bars and serving to keep them in parallel relation, a circular brace securely connected with the beam, and means for connecting one of each pair of parallel bars adjustably with the circular brace."

---

Claims 2 and 3 are substantially the same, except that the inventor allows latitude for the substitution of some other kind and shape of brace, instead of the circle above described.

The Haiman patent is substantially the same as the Rosenbaum, the main difference being that the brace is elliptical, instead .of circular, and very much smaller in circumference. Defendant's implement is practically identical with the Rosenbaum machine, except that an elliptical brace, similar to the Haiman device, but approximately the same size as the Rosenbaum circle, is used, and this is strengthened by a bar across and on top of the beam at right angles, in the center of the brace. It may be assumed that defendant has infringed complainant's patents if they are valid, notwithstanding it has also obtained patents on its device.

The master found the parallel bars and earth-engaging members of plaintiff's device to be identical with the device patented to Blount and Guice, letters patent No. 633,563, dated September 26, 1899, some six years prior to the issue of plaintiff's patents, and the circular brace to be similar to a device used in the same manner and for the same purpose patented to Gilliard, letters patent No. 26,581, dated December 27, 1859. Considering these prior patents, the master concluded the combination as made by Rosenbaum and Haiman disclosed mere mechanical skill, not amounting to patentable invention.

There can be no doubt that the intention of each of the inventors above named was to design a harrow with adjustable plow points depending from bars that might be fixed at different angles to the beam, so as to throw the earth to either side, or the center, as occasion might require. That each of the said inventions may be so adjusted is beyond dispute. Gilliard, who is perhaps the man with the original idea, used a circular brace with a single bar, on each side of the beam carrying adjustable plowing points. Blount and Guice used parallel bars for carrying the plowing points and other straight bars connected to different points on the beam for holding the parallel bars at the desired angle. Rosenbaum used the circular brace, and Haiman an elliptical brace, for the same purpose.

Considering the object in view, the shape of the brace was unimportant, and possibly the patents in suit might be held to be anticipated by the Blount and Guice and other patents in the record. That particular question, however, is not material, as the claim relied on is for the combination including the circular brace. Beyond question the Rosenbaum and Haiman devices are combinations of the Blount and Guice and the Gilliard devices. This is not seriously disputed, but it is contended by plaintiff that this combination of old elements is new and useful, and in combination the said elements perform functions not possible in either of the other implements. To that end it is argued that the circle used by Gilliard does not act as a brace to hold down the ends of the bars and prevent their twisting when the plow points come in contact with the earth, while in the Rosenbaum and Haiman devices it does. Except for the theoretical speculation of plaintiff's expert, there is nothing to show that each of the four said implements, as well as defendant's, would not do

exactly the same work when practically operated. Incidentally it may be noted the preponderance of expert testimony is on the side of the defendant. Obviously the contention is untenable. Unless the various members of the cultivators were made strong enough to resist the strains to which they would be subjected in the ordinary operation of the implement, the machine would be useless. How a circular brace could perform certain functions on one machine, and not on another almost identical, is inconceivable. No particular dimensions of any member are attempted to be patented and the making of them large enough and strong enough is a mere detail of construction. No doubt the implement manufactured by plaintiff is useful; but, if the form of the means used to hold the teeth-carrying bars at the desired angle is material, it is certain the circular brace performs exactly the same functions, and no others, on the Rosenbaum and Haiman devices, as it does on the Gilliard device. Every feature of plaintiff's devices has been anticipated, and the combination discloses only mechanical skill, not amounting to invention.

The judgment of the district court was right, and it is affirmed.

WALKER, Circuit Judge (dissenting). It seems to me that the record in the case makes it plain that the joint effect of the two patents in suit was to disclose a new type of farming implement. But the view which has prevailed is that nothing more than mechanical skill was displayed in so bringing previously known devices into juxtaposition and co-operation, and that the result was what is known in patent law as a mere aggregation, as distinguished from a true combination.

The bringing together for coaction of previously known devices or mechanical elements is what is known as a mere aggregation, which is not patentable, if no new and useful result is thereby attained; but the old devices or elements as newly associated produce only the same results and in the same way, except possibly in a different order, as previously were produced by their action singly, or as some of them formerly were brought into co-operation. But, however old and familiar all the constituents of a newly devised association of elements or devices may be, if by means of it a new and useful result is produced, or an old result is attained in a new and materially better way, what is accomplished is a new combination, which is as much entitled to be protected by a patent as a new machine or composition of matter. Webster Loom Company v. Higgins, 105 U. S. 580, 26 L. Ed. 1177; Expanded Metal Company v. Bradford, 214 U. S. 366, 381, 29 Sup. Ct. 652, 53 L. Ed. 1034; Proudfit Looseleaf Company v. Kalamazoo Looseleaf B. Co., 230 Fed. 120, 144 C. C. A. 418; New York Scaffolding Company v. Whitney, 224 Fed. 452, 140 C. C. A. 138. If there is the requisite new and useful result or the attainment of an old result in a materially better way, it does not matter that the combination, after it has once been suggested, seems so simple and obvious that one wonders how it happened to be overlooked by others mechanically skilled and engaged in the same field. The inquiry as to whether what is disclosed is a mere me-

chanical advance, or evidences the exercise of the creative faculty amounting to a meritorious invention, is not to be determined by conjectures of what readily might have been seen but was not. If the suggested change from the prior art is such that it meets the approval of the Patent Office, there arises the presumption of invention which attaches to the issue of the patent. And the adoption of the suggested change by those engaged in the art, who, it may be supposed, would have made the change before if it had occurred to them, is a further and persuasive evidence of invention. Diamond Rubber Company v. Consol. Tire Co., 220 U. S. 428, 31 Sup. Ct. 444, 55 L. Ed. 527; Expanded Metal Company v. Bradford, supra. The persistence of the appellee in using in its cultivators substantially the same combination which the patents in suit disclosed, and also in a patent embodying an additional feature or features which it subsequently obtained, is evidence, not only of the novelty and utility of the combination, but of its patentability.

But it is urged that the evidence of invention is rebutted by the disclosure that what was accomplished amounted merely to making the long-known device of a circle fastened to a plow beam over and attachable, in different positions with reference to the beam, to single bars carrying plow points, as disclosed in the Gilliard patent issued in 1859, serve the purpose of bracing parallel bars with pivotally attached spring teeth or plow points, the last-mentioned construction, but without the bracing feature of it, also being one which was previously known. The rulings above cited show that it does not necessarily follow from this disclosure that the new combination was not patentable. That depends upon the nature of the results attainable by the use of the new combination. The report of the master contains the following:

"The placing of the solid circular or elliptical brace over the parallel bars as shown in the Rosenbaum and Haiman patents is an improvement over the one bar as shown in the Gilliard patent for the reason that there is less tendency to twist and the resistance is more evenly distributed over the machine."

The District Judge, in the opinion accompanying the overruling of exceptions to the master's report, says:

"It is true that the principal claim of the plaintiff is for its combination and improvement of the effective features of the cultivator, as set forth in its patents, and clearly described in the master's report. Undoubtedly such combination is a fact. It is more; it is a valuable fact, and the combination must be highly useful, particularly in the shallow surface cultivation of the crops peculiar to the Southern States. But the conclusion of the master that this combination is the result of mechanical skill, and not invention, seems unanswerable."

In the opinion of the writer the last-stated conclusion is one which is not warranted, where the fact was, as in effect it was found to be, that the combination disclosed by the patents in suit called for a reassembling of old elements or devices in such a way as to get a new coaction in a complete workable farming implement capable of effecting a better cultivation of the soil than was attainable by the use of any previously known implement which otherwise embodied the agen-

cies which were brought into co-operation. The evidence in the case and the findings of fact supported by it are such that the decree appealed from involves the assumption that one who is the first to devise a farming implement which enables the user of it to cultivate the soil better or easier than could have been done before with the elements made use of as they previously were employed does not come within the description of the statute (R. S. § 4886 [Comp. St. 1913, § 9430]) which provides that:

> "Any person who has invented or discovered any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvements thereof * * * may * * * obtain a patent therefor."

My conclusion is that that assumption is unwarranted, and that it follows that the decree was erroneous, and should be reversed.